## A. P. Nave, Appellee, v. Henry Gross, Appellant.

1. SALES—*what essential to recover upon warranty.* In order to recover upon an express warranty, it is essential that the vendee show that the merchandise sold and delivered was not at the time of such sale and delivery in conformity with the warranty.

2. SALES—*when recovery cannot be predicated upon implied warranty.* The acceptance by the vendee of an express and written warranty is a waiver of any right to rely or recover upon an implied warranty.

3. MEASURE OF DAMAGES—*in action for breach of warranty.* In an action for the breach of an express warranty of merchandise, the true measure of damages is the difference between the actual cash value of such merchandise on the day of sale and the cash market value thereof on that date if such merchandise had fulfilled the terms of the warranty.

Assumpsit. Appeal from the County Court of Piatt county; the Hon. ELIM J. HAWBAKER, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 17, 1908.

W. G. CLOYD and A. T. PIPHER, for appellant.

M. R. DAVIDSON and JAMES L. HICKS, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

A. P. Nave sued Henry Gross in the County Court of Piatt county and upon a trial had before a jury Nave secured a verdict in his favor in the sum of $600. Judgment was entered thereon and from it Gross appealed.

The suit was based upon the alleged breach of a written warranty made upon the sale of a stallion by Gross to Nave at the price of $800. The warranty was in the words and figures, to-wit:

"ATWOOD, ILL. March 26th, 1906.
"Having sold my horse Brilliant to A. P. Nave, I

hereby warrant the horse an average foal getter under ordinary good treatment.

HENRY GROSS.''

Nave in his declaration as amended, after setting out the warranty in its exact words, averred in substance that the stallion had, ever since its purchase had ''ordinary good treatment'' by him and that said stallion was not an average foal getter under ordinary good treatment at the time of delivery, March 26, 1906.

Under the pleadings, as well as under the law, it was incumbent upon Nave to show that at the time of the purchase and the making of the warranty, the stallion was not what he was represented to be by the terms of the written warranty. Furthermore the acceptance by Nave of an express and written warranty was a waiver by him of any right to rely upon or recover upon an implied warranty and it therefore was of the utmost importance to a fair trial of the cause that the jury be accurately instructed as to the meaning and interpretation of such written warranty.

Gross tendered the court several instruction in which he asked the court to tell the jury that under the terms of the warranty it was incumbent upon Nave to prove that the stallion was not a reasonably sure foal getter at the time of the sale to plaintiff, or at the time of the making of the warranty, each of which the court refused to give, but gave instead instructions which omitted altogether any reference to the time when the infirmity, if any, must have existed.

This action of the court could not have failed to prejudice appellant's cause. Furthermore the first instruction given for appellee was prejudicial to the cause of appellant in omitting all reference to the breach of warranty as alleged in the declaration, and claimed by appellee upon the trial.

For the foregoing reason it is necessary to reverse the judgment and remand the cause for another trial, but as the case may be tried again, it is right to ex-

press our views upon some of the other objections argued by appellant.

Whether or not the stallion had received ordinarily good treatment after the date of the warranty was a question of fact, and if there was that character of treatment given him, which the contract of warranty contemplated, it was then right to permit Nave to prove that during the season of 1906 the stallion was not an average foal getter, as tending to establish that he was not such a foal getter on March 26, 1906. It was competent for either party to give evidence of the stallion's condition, etc., within a reasonable time both before and after March 1, 1906, which would tend to show that at the time of the sale and warranty he was or was not an average foal getter. The evidence tendered by appellant as to the stallion's foal getting powers in 1903 was, in our judgment, too remote and was properly excluded.

As to the measure of damages which should be followed in case of recovery, we think the true measure in such a case to be the difference between the actual cash market value of the horse on the date of the sale and his cash market value on that date if he had filled or met the terms of the written warranty.

Other objections have been argued, but we do not think them of sufficient merit to warrant us in extending this opinion.

For the errors hereinbefore stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*