## A. P. Nave, Appellee, v. Henry Gross, Appellant.

1. INSTRUCTIONS—*must not give undue prominence to particular evidence.* Instructions are properly refused which single out and give prominence to particular items of evidence.

2. INSTRUCTIONS—*when refusal of correct will not reverse.* It is not error to refuse a correct instruction the substance of which is substantially contained in other instructions given.

3. INSTRUCTIONS—*when erroneous will not reverse.* An erroneous

instruction will not reverse where the Appellate Court is satisfied upon a consideration of the entire record that the jury were not misled there-by.

Appeal from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

F. M. SHONKWILER and W. G. CLOYD, for appellant.

C. R. MILFORD, M. R. DAVIDSON and J. L. HICKS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for the alleged breach of a written warranty, as follows:

"Atwood, Ill., March 26th, 1906.

Having sold my horse Brilliant to A. P. Nave, I hereby warrant the horse an average foal getter under ordinary good treatment.

Henry Gross."

A trial by jury resulted in a verdict and judgment against appellant for $450. A former judgment against appellant was reversed by this court and the cause remanded for errors in instructions. 146 Ill. App. 104. The main facts out of which the controversy arises are sufficiently disclosed in the former opinion.

The evidence is practically uncontroverted that the horse was not an average foal getter when he was put into service shortly after his purchase by appellee, and the main controversy upon the trial related to the manner in which the horse had been cared for by appellee, as affecting his efficiency as a breeder.

The evidence tends to show that immediately after the horse was purchased by appellee he was shipped from Atwood, Illinois, to Attica, Indiana, a distance of 125 miles in a box car; that he was not tied but was turned loose in one-half of the car and provided with bedding and hay; that in May following he was shipped in like manner from Attica to

Farina, Illinois, a distance of about 200 miles; that the manner in which he was shipped was that usually and customarily adopted by shippers of like horses; that in each instance when he arrived at his destination he appeared to be sound and in good condition; that from the time he was sold to appellee until the commencement of this suit he was well cared for by experienced horsemen. The claim of appellant that the horse was injured in shipment is based almost wholly upon conjecture and finds no substantial support in the evidence. The evidence in support of appellee's case was strengthened in some particulars upon the last trial.

The objections urged to the rulings of the court upon the evidence are not of sufficient significance to merit discussion.

The first, second and third instructions offered by appellant and refused by the court were properly refused because they single out and give special prominence to particular items of evidence, and the fourth instruction tendered by appellant and refused by the court was fully covered by other instructions given at his instance.

The third and fourth instructions given at the instance of appellee are substantially accurate statements of law applicable to the case and were properly given to the jury. The contention of appellant that these instructions are erroneous because they direct attention to the fact that the horse was purchased for breeding purposes is wholly without merit. The facts and circumstances in evidence show conclusively that the horse was purchased solely for use as a breeder.

The first sentence in the second instruction given at the instance of appellee is subject to criticism, but the error is not such as required a reversal of the judgment. We are satisfied upon a consideration of the entire record that the jury were not misled by the instruction as given. The further criticism of the instruction finds no support in the record as abstracted.

There is no prejudicial error in the record and the judgment is affirmed,

*Affirmed.*